[No. 6804. Decided January 15, 1908.]

THE STATE OF WASHINGTON, *on the Relation of the Espy Estate Company, Appellant*, v. BOARD OF COMMISSIONERS OF PACIFIC COUNTY, *Respondent*.[1]

DRAINS—ASSESSMENTS—AMOUNT—BENEFITS TO PROPERTY — MANDAMUS. In proceedings to assess property for benefits accruing by reason of the construction of a drainage district, the county commissioners have no power to assess property in excess of the benefits received; and in the absence of fraud, they cannot be compelled by mandamus to increase their assessment for benefits so as to cover the total cost of the work and interest.

SAME—PROCEEDINGS UNDER CURATIVE ACT—LEVY OF ASSESSMENT—EFFECT OF FORMER VOID PROCEEDINGS. Where the proceedings for the assessment of property for a drainage district were void, and the legislature, recognizing the moral obligation of the lands benefited,

[1]Reported in 93 Pac. 326.

provided a method for making the cost a lien thereon, the county commissioners in making a new assessment are not bound by the acts of the former board, but must determine the amount of benefits to be assessed.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered November 1, 1906, in favor of the defendant, upon sustaining a demurrer to the affidavit, dismissing proceedings against the commissioners of a county for contempt in the assessment of benefits to land benefited by the construction of a drainage ditch. Affirmed.

*Sol. Smith,* for appellant.

*J. J. Brumbach* (*H. W. B. Hewen,* of counsel), for respondent.

FULLERTON, J.—This is a continuation of the controversy a statement of which is found in the case of *Espy Estate Co. v. Pacific County,* 40 Wash. 67, 82 Pac. 129. After the remittitur went down in that case, the trial court issued a writ of mandamus to the board of county commissioners of Pacific county requiring them to create a fund, pursuant to the provisions of the statute of 1895, for the payment of the indebtedness incurred as set forth in the application for the writ. The board proceeded as directed, and on the hearing found that the lots and parcels of lands subject to assessment were not benefited in an amount equal to the sum now outstanding in principal and interest incurred in the construction of the ditch; but found that the utmost such lands were benefited was an amount equal to the principal of such indebtedness, and for this sum they caused an assessment to be made. The appellants conceived this to be in disobedience of the mandatory order, and instituted this proceeding to punish the commissioners for contempt. A demurrer was interposed and sustained to the affidavit asking for a writ to show cause, and, on the appellants electing to stand thereon, a judgment of dismissal was entered. This appeal was taken therefrom.

The appellant in its affidavit asking for the writ does not in anywise impugn the motives of the commissioners. It is not charged that they fraudulently or corruptly made the finding that the lands subject to assessment were not benefited to an amount equal to the outstanding obligations, or that the lands were in fact benefited in a greater sum than the commissioners levied thereon. The affidavit is silent on these questions. It must be presumed therefore that the commissioners performed their full duty, and assessed the lands to the full amount of the benefits conferred upon them by the improvement.

These considerations conclude the case against the appellant. Both by the statute under which the commissioners acted and by the fundamental law, the commissioners were without power to assess against the land a greater sum than the amount of the benefits the improvement conferred upon them. This was so held by this court in *State ex rel. Latimer v. Henry*, 28 Wash. 38, 68 Pac. 368. In that case we said:

"Costs to be assessed for local improvements cannot exceed the benefits conferred. Section 3 of the act of 1895, in effect, so provides. It requires the county commissioners to ascertain the aggregate cost of the ditch and apportion the same to each lot, tract of land, etc., according to benefits resulting from the improvements, *not exceeding the amount of said benefits*. Under this provision the cost may be less or equal to the benefits. For all portions of the cost exceeding the benefits, no assessment can be made on the property benefited."

See, also, *McNamee v. Tacoma*, 24 Wash. 591, 64 Pac. 791; *Elma v. Carney*, 9 Wash. 466, 37 Pac. 707; *New Whatcom v. Bellingham Bay Imp. Co.*, 9 Wash. 639, 38 Pac. 163; *Norwood v. Baker*, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. Since therefore they levied to the full extent of their powers, they cannot be punished for a failure to levy more.

The contention to the effect that the present board of county commissioners in making the assessment are bound by

the acts of the former board had under the void statute of 1890 is not well taken. Inasmuch as the work performed in pursuance of that statute benefited certain real property affected by it, it was proper for the legislature to recognize the moral obligation to pay the costs of the improvement, and provide a method by which that moral obligation could be turned into a legal one and made a lien on the property benefited up to the amount of the benefits. But the legislature was without power to make, and it did not attempt to make, the original assessment a lien on the property, without further proceedings. As the act of 1890 was void, the proceedings had under it were void, and new notices to the owners of the property and an opportunity to be heard were necessary before the costs of the improvement could be made a fixed lien. The question of the amount of the benefits conferred, therefore, was for the present board to determine, and they did not exceed their powers when they undertook to, and did, determine it.

The judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, and RUDKIN, JJ., concur.