[No. 22863. Department One. April 24, 1931.]

WM. D. PERKINS & COMPANY, *Appellant*, v. DIKING DISTRICT NO. 3 OF ISLAND COUNTY *et al.*, *Respondents.*[1]

[1]Reported in 298 Pac. 462.

228

*Kerr & McCord,* for appellant.
*James Zylstra,* for respondents.

HOLCOMB, J.—This is a suit in equity, instituted by appellant for a mandatory injunction to compel respondents, the diking commissioners, to make further levies, and to compel respondent, the county treasurer, to collect unpaid taxes, in order to raise funds with which to pay outstanding unpaid bonds of the diking districts held by appellant and others.

Diking District No. 3 of Island county is a municipal corporation, organized for the purpose of constructing and maintaining a dike; and, in order to pay for the construction of the dike, it duly issued, on May 22, 1916, one hundred sixty-six negotiable coupon bonds in the principal sum of one hundred dollars each, aggregating $16,600, bearing interest at six per cent per annum from date of issue, annual interest being represented by interest coupons. Bonds numbered from 1 to 45, inclusive, have been paid. Appellant is the owner of bonds numbered 46 to 163, inclusive, which have not been paid.

Appellant alleged in its complaint that its action was brought in its own behalf and in behalf of the other unpaid bond holders of the diking district, and that the question involved in the action is of common or general interest to all such bond holders, that they are numerous, and it is impracticable to bring them all before the court.

The bonds are payable in numerical order, and respondents contend that appellant cannot be con-

cerned with the non-payment of bonds numbered 164 to 166, inclusive, because its bonds would be paid before those bonds, at all events. It may be determined here at the outset that Rem. Comp. Stat., § 190, authorizes actions to be brought by one of many persons interested in a question of common or general interest to them and it is impracticable to bring them all before the court. Such practice was also upheld in *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543, 45 Pac. 141.

There were, at the time of the commencement of this action, outstanding and delinquent assessments against a portion of the lands contained within the diking district aggregating $10,772.76. There was also delinquent and accrued interest on those assessments as of January 1, 1929, amounting to $6,211.92. Those delinquent assessments had been levied during the years 1919 to 1925, inclusive, but the treasurer of Island county had failed to collect the same, although demand had been made that she do so.

Upon the organization of the diking district, and as a part of the proceedings therein, in a certain action numbered 1233 in the superior court for Island county, wherein Diking District No. 3 of Island county was plaintiff and Wellman Bruner *et al.,* were defendants, the amount of benefits accruing to each parcel of land in the diking district by virtue of the establishment of the diking district was fixed and determined as provided by law. The total benefits accruing to the lands within the diking district, as determined by the jury in that cause against forty separate parcels, amounted to $44,752.20. The total assessments for bond redemption levied against the lands within the diking district amount to $26,821.72. Of this amount, the sum of $950 was levied in 1915 for the payment of warrants, and was never intended to be, nor used, for the purpose of bond redemption. Hence, the net total of assess-

ments that have been levied for bond redemption purposes amounts to $25,871.72. In other words, the total benefits accruing to the lands within the diking district, by virtue of the improvement, exceeds the total assessments levied to pay for the same by $18,880.48. In addition, the treasurer of Island county has sold two parcels of land within the diking district for general taxes without including the diking district assessments against them, which assessments amounted to $3,635.67.

After a hearing in which all parties were represented, the court entered an interlocutory order requiring respondent, the treasurer of Island county, to foreclose and collect the delinquent assessments theretofore levied against the lands in the diking district, and, after doing so, to report back to the court, the court specifically retaining jurisdiction of the cause. In accordance with this interlocutory order, the treasurer caused the delinquent assessments to be foreclosed and the lands against which they were levied, sold.

A return was thereafter made by the treasurer in accordance with the directions of the court's interlocutory order, which showed that no funds whatever were realized by the diking district from such foreclosure and sale, inasmuch as all the properties were struck off to Island county, it being the sole bidder at such sale. Thereafter, another hearing was held in the cause pursuant to the interlocutory order, and the court refused to grant any further relief to appellant and entered its decree accordingly. This appeal results.

All the material facts are stipulated.

This diking district was organized under the provisions of Rem. Comp. Stat., §§ 4236 to 4297, inclusive. Some amendments have been made and codified in Rem. 1927 Sup., §§ 4236 to 4292-5, inclusive, and by chapter 111, Laws of 1929, p. 214. The district was not organized as a drainage and diking improvement dis-

trict under Rem. Comp. Stat., §§ 4405 to 4459, inclusive.

Consequently, the matter before us is not governed by the same statutory provisions as were before the court in *Kadow v. Paul,* 134 Wash. 539, 236 Pac. 90, which, among others, involved a statute providing that

" . . . all the lands included within the boundaries of the district and assessed for the improvement shall be and remain liable for the costs of the improvement until the same are fully paid."

The statutes governing the matter in suit are quite lengthy, and we can only make brief references to what we consider the controlling provisions thereof.

Rem. Comp. Stat., § 4265, prescribes that, after the entry of the judgment upon the verdict of the jury, the clerk shall prepare a transcript containing a list of the names of all persons and corporations benefited by the improvement and the amount of the benefit derived by each, respectively, and duly certify the same, together with a list of the lands benefited by the improvements belonging to each person or corporation, and file the same with the auditor of the county, who shall immediately enter the same upon the tax rolls of his office, as provided by law for the entry of other taxes, against the land of each of the persons named in the list, together with the amounts thereof, and the same shall be subject to the same interest and penalties in case of delinquency as in case of general taxes, and shall be collected in the same manner as other taxes, and subject to the same right of redemption, etc.

Section 4278 provides that, after the establishment of any district under the provisions of the act, and the establishment of a system of diking therein as provided for, the board of commissioners of the diking district was authorized, upon the petition of land owners owning a majority of all the lands within such district to be benefited thereby, to issue bonds for the total

amount of the cost of the construction for such improvements, together with the costs of establishment thereof, including damages assessed and compensation made to land owners for rights of way, and the expenses and costs of the entire proceeding, payable at a time not less than five years nor longer than ten years from the date thereof; provisions were then made for the issuance of other bonds by the commissioners for certain purposes, with the same limitations as to time of payment.

Section 4279 prescribes that the bonds be numbered consecutively from one upwards, and be in denominations of not less than one hundred dollars nor more than one thousand dollars, and bear the date of issue, etc.

Section 4281 reads:

"Five years before said bonds shall become due the diking commissioners of such district issuing them are hereby authorized and required, annually, to levy an assessment sufficient to liquidate said bonds at maturity. Such assessment shall be collected by the county treasurer and kept as a separate fund for the sole purpose of liquidating said bonds in accordance with the provisions of the following section."

Section 4283 requires the calling of bonds by the county treasurer when he has on hand two thousand dollars of the special fund for the payment of bonds.

Section 4284, so far as is pertinent here, reads:

"It shall be the duty of such diking commissioners, annually, to levy an assessment sufficient for the payment of the coupons hereinbefore mentioned as they fall due."

Then follow provisions governing the issuance, presentation, payment or endorsement of such warrants.

Appellant chiefly relies upon the decision in *State ex rel. Clancy v. Columbia Irrigation District,* 121 Wash. 79, 208 Pac. 27. The statutes involved in

that case were, as stated in the opinion, statutory provisions relating to irrigation district assessments. It was there observed that irrigation districts, their organization and obligations, differ from most other taxing districts. For example, in irrigation districts, under and by virtue of Rem. Comp. Stat., §§ 7434 and 7440, all property in the district remained liable to be assessed for the payment of bonds and interest until fully paid, and the governing boards of irrigation districts were required to make assessments for probable deficiency sufficient to cover any deficit that might result from delinquent assessments for preceding years.

While § 4281, *supra,* is not as expansive and specific as the statutes referred to in the irrigation. district case, and in the diking improvement company case, heretofore mentioned, we consider it terse and concise in requiring the diking commissioners to levy an assessment sufficient to liquidate all bonds at maturity. In this respect, there is a duty to make assessments sufficient to liquidate all bonds at maturity, which is limited only by the amount of benefits to the property within the diking district.

It is certainly true that the tax assessed under this law is assessed according to benefit, only (*State ex rel. Conner v. Superior Court,* 81 Wash. 480, 143 Pac. 112), and that the diking commissioners have no power to assess in excess of the benefits. *Espy Estate Co. v. Pacific County,* 40 Wash. 67, 82 Pac. 129; *State ex rel. Espy Estate Co. v. Board of Com'rs,* 48 Wash. 230, 93 Pac. 326.

It is fundamental that no greater exaction can be made than a sum equal to the benefits received; for, if a charge be made over and above the benefits to the property, it is the taking of property without just compensation and violates Article I, § 15, Washington Con-

stitution; *Behrens v. Commercial Waterway District No. 1,* 107 Wash. 155, 181 Pac. 892, 185 Pac. 628.

Respondents especially emphasize the requirement of § 4265, *supra,* requiring assessments to be *in proportion* to benefits.

While it always will bear unequally upon those who have paid their assessments when required to respond for defaults and delinquencies of other beneficiaries who fail to pay their assessments, and is a regrettable situation, nevertheless, so long as the assessments are not in excess of the benefits, and therefore not confiscatory under our constitution, they are still valid.

The waterway district act involved in the *Behrens* case, *supra,* was no broader than the act under which this diking district was organized and operates.

The conclusive presumption is that the adjudication of the lands to be benefited, the total benefits thereto, and the amount of bonds to be issued and the interest thereon, by the jury in cause No. 1233 in the Island county superior court, is final. *State ex rel. Wells v. Hartung,* 150 Wash. 590, 274 Pac. 181. Although the cited case involved irrigation district obligations and assessments, the legal presumption there stated is as effective and controlling here.

Under the statute governing the matter in suit, we conclude that appellant is entitled to the relief prayed, that assessments be ordered by the court below against all the lands in the diking district, not in excess of the amount of benefits to any separate tract assessed within the diking district, sufficient to pay all outstanding bonds of the diking district and interest.

The decree is reversed, with instructions to proceed accordingly.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.