[No. 24906.   Department Two.   September 20, 1934.]

FRANK FAHRENWALD *et al., Appellants*, v. SPOKANE
SAVINGS BANK *et al., Respondents*.[1]

*George W. Young* and *A. O. Colburn*, for appellants.

*Bausman, Oldham, Cohen & Jarvis* and *Simon Wampold, Jr.*, for respondents.

HOLCOMB, J.—This action was commenced in February, 1932, for the purpose of having the assets of

[1]Reported in 35 P. (2d) 1117.

the Spokane Savings Bank (hereinafter called the bank) impressed with a trust to the extent of the contingent fund and undivided profits of the Spokane Savings and Loan Society (hereinafter called the society) which were transferred to the bank on October 11, 1929, and to have the amount pro rated to the plaintiffs, and to all others similarly situated who were shareholders in the society at the time of the tranfer. The bank having been closed on June 15, 1932, by order of the supervisor of banking for the state of Washington, and its business thereafter being in the process of liquidation, the supervisor of banking and his special deputy immediately in charge of the bank's affairs were substituted as parties defendant. After the issues had been joined, the case was tried to the court, and resulted in a dismissal of the action, from which decision plaintiffs have appealed.

The complaint alleges that the assets of the society were taken over by the bank without previous knowledge or consent of the society's depositors; that the officers of the society and of the bank were the same; that it was represented to the society members that the transfer of the assets of the society only involved a reorganization, but that in truth it constituted a conversion of the society's assets; that the society members were not advised as to their rights in the contingent fund of the society or that there would be a change in those rights by reason of the change in organizations, but on the contrary were led to believe that their rights remained the same as before; that the transfer of the assets from the society to the bank constituted a conversion which amounted to a forced withdrawal, entitling all depositors of the society to their pro rata share of the contingent fund and undivided profits of the society.

Respondents, by their answer, denied the charge of

conversion, and set up as affirmative defenses the statute of limitations, laches in instituting the action, *res judicata* based on the case of *Beutelspacher v. Spokane Savings Bank,* 164 Wash. 227, 2 P. (2d) 729, and the dissipation of the contingent fund and undivided profits.

■ It may first be noted that the validity of the transfer of the assets of the society to the bank and the dissolution of the society were both sustained by this court in the *Beutelspacher* case, *supra,* and that that action was instituted by a number of the shareholders of the society "on behalf of all the other shareholders and members of the society similarly situated . . . as well as on behalf of plaintiffs." Respondents therefore urge that, as this action is predicated upon the same alleged wrongful acts of the bank and the common directors of the bank and society, and as it also calls for a determination of the legal effect upon all shareholders of the transfer of the society's assets, the decision in the earlier case is *res judicata* as to the plaintiffs in the instant case upon the doctrine of virtual representation. This doctrine involves an exception to the rule that all those interested and affected must be made parties, and is applied when the representation is fair and the parties represented have a common interest with those before the court. 20 R. C. L. 669. It is particularly applicable if there be an identity of subject matter. The *Beutelspacher* case, *supra,* was one especially fitted in law for a representative or class action under Rem. Rev. Stat., § 190 [P. C. § 8271]. *Perkins & Co. v. Diking District No. 3,* 162 Wash. 227, 298 Pac. 462. Cf. *Elston v. King County,* 178 Wash. 210, 34 P. (2d) 906.

■■ In *State ex rel. Forgues v. Superior Court,* 70 Wash. 670, 127 Pac. 313, the court held that a judgment sustaining a demurrer and dismissing an action

brought by a citizen and taxpayer against the city clerk to enjoin the holding of a local option election on the ground that the petition therefor was insufficient, is *res judicata* and a bar to a similar action brought for the same purpose by another citizen and taxpayer. It was argued in that case by the relator that he was the holder of a retail liquor license and an internal revenue license, and therefore his rights were peculiar to himself and not shared by the general public or the one who instituted the first suit. But the court said that ''The stability of judgments is the basis of the doctrine of *res judicata*,'' and held that there was an identity of subject matter in the two suits, for both presented the single question of the sufficiency of the petition.

The relief prayed for in the case at bar differs somewhat from that asked in the *Beutelspacher* case, but this is unimportant, for as we said in *Bruce v. Foley*, 18 Wash. 96, 50 Pac. 935:

''It is true that in the former suit plaintiff sought the cancellation of the lease, as well as damages, whereas in the present action the claim is for damages only. But there is an identity of subject matter. . . .''

Here, as stated in the *Beutelspacher* case,

''The principal and important question, as stated in the appellants' brief, is whether '. . . the conversion and transfer of the business and assets of the Spokane Savings & Loan Society to the Spokane Savings Bank, under the circumstances of this case, was unauthorized and is illegal and void.' ''

There can be no question but what the basis for the relief prayed for is the same in the two cases. This is shown from a reading of the complaint in the former case, which was introduced in evidence in the case at bar. It is the asserted invalidity of the transfer of

the assets from the society to the bank founded upon alleged misrepresentations of the officers of the two corporations and an alleged failure to comply with the laws applicable, which is common to both cases. True, in this case, appellants urge that, by misrepresentations, they were induced not to join in the *Beutelspacher* case, but that, of itself, would not make the judgment less binding upon them, especially if they offer no new, substantial or different grounds for nullifying the transfer of the assets of the society or otherwise show that their interests were not properly safeguarded in the former suit, if it can be legally said that the first action was brought and maintained by plaintiffs there in a representative capacity.

Upon the question of whether or not the earlier case was a representative suit, respondents rely upon *Supreme Tribe of Ben-Hur v. Cauble*, 255 U. S. 356, 41 S. Ct. 338, wherein the court held a prior decree sustaining a reorganization of a fraternal society as being *res judicata* where the second action was brought by members of the society not made parties in the prior suit. The opinion, in part, said:

"The District Courts of the United States are courts of equity jurisdiction, with equity powers as broad as those of state courts. That a class suit of this nature might have been maintained in a state court, and would have been binding on all of the class, we can have no doubt. *Hartford Life Insurance Co. v. Ibs*, 237 U. S. 662, 672; *Royal Arcanum v. Green*, 237 U. S. 531. . . .

"If the federal courts are to have the jurisdiction in class suits to which they are obviously entitled, the decree when rendered must bind all of the class properly represented. The parties and the subject-matter are within the court's jurisdiction. It is impossible to name all of the class as parties, where, as here, its membership is too numerous to bring into court. The subject-matter included the control and

disposition of the funds of a beneficial organization and was properly cognizable in a court of equity. The parties bringing the suit truly represented the interested class. If the decree is to be effective and conflicting judgments are to be avoided all of the class must be concluded by the decree.''

Respondents also rely upon the case of *Hartford Life Insurance Co. v. Ibs*, 237 U. S. 662, 35 S. Ct. 692, L. R. A. 1916A, 765, wherein a beneficiary endeavored to enforce payment of a policy. In a former suit brought by a policy holder in a representative capacity, the validity of the assessments had been sustained. The court held the prior suit was *res judicata* as to the plaintiff in the second suit. We quote from the opinion as follows:

''But, when such common interest in fact did exist, it was proper that a Class suit should be brought in a court of the State where the Company was chartered and where the Mortuary Fund was kept. The decree in such a suit, brought by the Company against some members, as representatives of all, or brought against the Company by 30 certificate-holders for 'the benefit of themselves and all others similarly situated,' would be binding upon all other certificate-holders.

'' 'Where the parties interested in the suit are numerous, their rights and liabilities are so subject to change and fluctuation by death or otherwise, that it would not be possible, without very great inconvenience, to make all of them parties, and would oftentimes prevent the prosecution of the suit to a hearing. For convenience, therefore, and to prevent a failure of justice, a court of equity permits a portion of the parties in interest to represent the entire body, and the decree binds all of them the same as if all were before the court. The legal and equitable rights and liabilities of all being before the court by representation, and especially where the subject-matter of the suit is common to all, there can be very little danger but that the interest of all will be properly protected and maintained.' ''

To the same effect is *Perkins & Co. v. Diking District, supra.*

In 13 Fletcher Cyclopedia Corporations, § 6043, the following principle is enunciated:

"Generally stockholders similarly situated and for whose benefit the stockholders' suit is brought, are bound by the decree. The decree in one stockholders' suit is a bar to other such suits on the same cause of action."

From the foregoing authorities, the identity in the issues raised in the *Beutelspacher* case and this one, and the manner of presentation of the prior case on behalf of all of the shareholders, we are satisfied that the doctrine of virtual representation is applicable, and therefore that the defense of *res judicata* should be sustained.

In view of our holding that this action must fail because of the prior adjudication which is binding upon these parties, respondents and appellants, it is not necessary that we decide or express our views upon the other defenses.

The decree appealed from is affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.