[No. 25654. Department Two. August 23, 1935.]

SOUTH SEATTLE LAND COMPANY, *Appellant*, v. KING COUNTY *et al., Respondents.*[1]

*Scott & Simmons,* for appellant.

*Warren G. Magnuson, Edwin C. Ewing,* and *Herbert S. Little,* for respondents.

BLAKE, J.—Plaintiff brought this action to enjoin the collection of special assessments levied against its

property for the construction of Donohue road No. 25, in King county. A history of the improvement will be found in the case of *Elston v. King County,* 178 Wash. 210, 34 P. (2d) 906. That action was brought by Lydia A. Elston, on behalf of herself and others "similarly situated," to enjoin the collection of assessments against their property. Specifically named in her complaint were some hundred others, on whose behalf she had filed protests against the assessment prior to the hearing on the assessment roll.

When the instant case was called for trial, the parties stipulated that the statement of facts in the case of *Elston v. King County, supra,* and the exhibits admitted in evidence in that case, should be taken and accepted as the evidence and exhibits in this case. No other evidence was offered or received in the instant case. On the record so made, the trial court held that, under the decision in the *Elston* case, plaintiff could not maintain the action. Judgment of dismissal was accordingly entered. Plaintiff appeals.

The name of appellant was affixed to the petition for the improvement by its president and secretary. This action was commenced in July, 1934— nearly two years after the hearing on the assessment roll and after the completion of the improvement. Appellant offered no evidence tending to show that it made any protest to the assessment or the improvement prior to the commencement of this action. On the contrary, it appears from testimony of its manager that it did not make any such protest. Appellant, therefore, does not fall within the class of parties "similarly situated" to those whose assessments were canceled in the case of *Elston v. King County, supra.* At page 222, the court there said:

"The judgment of the trial court granted relief by cancelling the purported assessments as to respondent

and all those listed in her complaint on whose behalf she alleged she was bringing action, and quieting the cloud of title to their lands 'and to the property of all others similarly situated.'

"It is not justice nor equity to invalidate all of the assessments within the improvement district when a great many had not only accepted the benefits of the improvement, but paid assessments thereon.

"Respondent relies upon Rem. Rev. Stat., § 190:

" 'When the question is one of common or general interest to many persons, or where the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.'

"See, also, *Perkins & Co. v. Diking District No. 3 of Island County,* 162 Wash. 227, 298 Pac. 462, in which this court upheld the right of one suing on behalf of numerous owners to maintain an action in equity against the diking district.

"However, it cannot be held that the quoted statute and the above cited case means to include all people who may have been affected by the proceedings for the improvement when they have accepted the benefits and made no complaint. They are not 'similarly situated.' Their situation is entirely dissimilar. While they might have had the right to sue or might have joined in the action by the present respondent, they did not see fit to do so. All except those enumerated in the list attached to the amended complaint of respondent and the other two owners mentioned as having been specifically included by order of the court as 'similarly situated,' should be considered as estopped to secure any relief in such action. In all other respects, except that last mentioned, the decree must be affirmed."

Appellant contends that the defense of estoppel was not available to respondents, because it was not set up in the answer by way of affirmative defense. The evidence in the instant case was admitted entirely on stipulation. From the evidence, it clearly appeared that appellant was estopped from maintaining the action, under the holding of this court in the *Elston* case.

Accordingly, the trial court, exercising its discretionary power, granted a motion of respondents to treat the pleadings as amended to conform to proof. *Alexiou v. Nockas,* 171 Wash. 369, 17 P. (2d) 911.

Judgment affirmed.

MAIN, HOLCOMB, STEINERT, and MITCHELL, JJ., concur.

