[No. 30598. Department One. May 13, 1948.]

THE STATE OF WASHINGTON, *on the Relation of Cannery Workers & Farm Laborers Union, Local 7, et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Robert M. Jones, Judge, Respondent.*[1]

[1]Reported in 193 P. (2d) 362.

*Caughlan & Hatten,* for relators.

*Bassett & Geisness,* for respondent.

MILLARD, J.—On June 24, 1947, the Food, Tobacco, Agricultural & Allied Workers Union of America, commonly called F.T.A., a voluntary international association, and certain individuals who had been appointed temporary administrative officers of Cannery Workers & Farm Laborers Union, Local 7, a subordinate body of the F.T.A., instituted an action on behalf of all of the members of F.T.A., on the ground that the members were too numerous to be joined individually against certain elected officers of subordinate Local 7, to determine the question of custody, management, control, and disposition of the business and property of Local 7. Defendants answered and cross-complained on behalf of all of the members of Local 7 on the ground that the members were too numerous to be joined individually.

Trial of the cause to the court resulted in entry July 9, 1947, of an order which recites that same is interlocutory and that the court retains jurisdiction over the parties and subject matter of the action until further order of the court, and that, pending an election of new officers for the local, no trials by the union of any of the defendants on charges of any character shall be had. The cross-complaint of defendants was dismissed. Thereafter, plaintiffs conducted an election of officers of Local 7, which election was set aside by order of the court entered September 9, 1947. A month later, defendants filed a petition for appointment of a receiver and for dissolution of Local 7. Defendants alleged that plaintiffs, who were continued in control of the affairs of Local 7 by virtue of the court's interlocutory order of July 9, 1947, had misapplied and misused the funds, property, etc., of Local 7, and prayed that plaintiffs be required to produce the financial records of Local 7 for inspection. The court entered an order March 8, 1948, requiring plaintiffs to produce certain documents pursuant to prayer of defendants.

April 5, 1948, the court entered an order requiring Mariano Narcisso, Ernesto Mangaoang, Gene Navarro, Matias Legunilla, Ted Bell, Ray Cabanilla, Poncing Singson, Casimiro Abella, Tom Pias, Leo Lorenzo, Jorge Dumlao, George Minato, John Doe Kinney, and Food, Tobacco, Agricultural & Allied Workers Union of America, to show cause why they should not be adjudged in contempt of court for failure to comply with order entered March 8, 1948, for production of certain documents for inspection. Mangaoang, Navarro, Abella, and Dumlao were parties plaintiff. The others required to show cause were not named parties in the action out of which the contempt proceeding arose.

Relators (Narcisso Mariano, Ted Bell, Ray Cabanilla, Poncing Singson, Tom Pias, Leo Lorenzo, George Minato, Herman Villalobos, Chris Mensalvas, Ponce Torres, Matias Lagunilla, and Cannery Workers & Farm Laborers Union, Local 7) seek a writ of prohibition to restrain the superior court for King county from entertaining a petition by certain members of Local 7 for dissolution of that local, and also to restrain respondent court from requiring relators to show cause why they should not be adjudged guilty of contempt of court for failure to comply with the order entered March 8, 1948, requiring production of certain documents for inspection.

Relators Herman Villalobos, Chris Mensalvas, Ponce Torres, and Cannery Workers & Farm Laborers Union, Local 7, are not in the list of those required to show cause why they should not be adjudged in contempt of court for disobeying the order entered March 8, 1948. Mangaoang, Navarro, Abella, Kinney, and Food, Tobacco, Agricultural & Allied Workers Union of America, who were named in the order to show cause, are not relators in the petition filed in this court for writ of prohibition.

Counsel for relators contend that the superior court did not have jurisdiction to entertain the petition for involuntary dissolution of Local 7, which is a voluntary organization of three thousand members subordinate to a parent international union, in view of that fact that Local 7 was not

joined as a party to any proceeding having for its purpose dissolution of Local 7.

■ All members and officers of Local 7, which is a voluntary association, were before the court under the equitable doctrine of representation. A part of a numerous body of members of an unincorporated association may bring an action in equity as representatives of all members and officers of such association to enforce a common benefit in behalf of all, which was done in this cause. 7 C. J. S. 102, § 37.

Rem. Rev. Stat., § 190 [P.P.C. § 3-37], provides that,

"When the question is one of common or general interest to many persons, or where the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

See *Perkins & Co. v. Diking Dist. No. 3,* 162 Wash. 227, 298 Pac. 462; *Fahrenwald v. Spokane Sav. Bank,* 179 Wash. 61, 35 P. (2d) 1117; *Trade Press Publishing Co. v. Milwaukee Typographical Union No. 23,* 180 Wis. 449, 193 N. W. 507; 39 Am. Jur. 917, § 44.

The doctrine of virtual representation is applicable to the facts in the case at bar. The trial court had jurisdiction to entertain the petition for dissolution of Local 7. We are not concerned at this time with the question whether a majority of the members of Local 7 may dissolve that local.

■ Relators next contend that the court did not have jurisdiction to require officers of Local 7, who were not parties to the action, to produce documents for inspection; therefore, the court was without jurisdiction to punish as for contempt the officers of Local 7 for disobedience of the order to produce documents.

Respondent court entered an order for production of documents for inspection directed to those individuals who sued for the whole class. Those suing in a representative capacity had actual control over the documents in question and could, and probably would, have produced same had it not been for the combination of those not named as parties and those named as parties to evade the order to produce the documents for inspection. The only possession and control

by anyone of the documents is by virtue of holding of office in a voluntary association. The relators did more than simply retain possession of the documents. They combined with the plaintiffs in the equity suit to obstruct the court's order for inspection. It was proper to bring relators, who schemed with parties to the equity suit to defeat the order of the court for production of documents for inspection, before the court and to punish them for contempt. *Delorme v. International Bartenders' Union*, 18 Wn. (2d) 444, 139 P. (2d) 619.

In the case cited, we held that members of a union may be required to observe the provisions of a decree, although neither they nor the union to which they belonged were parties to the action in which the decree was entered, where it appeared that the union so concerned itself with the trial of the action that its officers and members became bound by the terms of the decree, and where the activities of such members were so tied in with the acts of the original defendants as to demonstrate that they were carried on in connection with a common plan to interfere with the conduct of the plaintiff's business in violation of the terms of the decree.

Respondent court has jurisdiction of the petition for dissolution of Local 7; and it has not, in endeavoring to enforce its order for inspection of the financial records of Local 7, acted in excess of its jurisdiction.

The application for a writ of prohibition is denied.

MALLERY, C. J., ROBINSON, SCHWELLENBACH, and HILL, JJ., concur.