Leo WEISS, Appellant (Defendant below),

v.

STATE of Wyoming on the relation of G. Joseph CARDINE, County and Prosecuting Attorney, Natrona County, Wyoming, Appellee (Plaintiff below).

Fifi BELONDON, Appellant
(a Defendant below),

v.

STATE of Wyoming on the relation of G. Joseph CARDINE, County and Prosecuting Attorney, Natrona County, Wyoming, Appellee (Plaintiff below).

Nos. 3721, 3743.

Supreme Court of Wyoming.

June 27, 1969.

Raymond B. Whitaker, Charles S. Aspinwall, Casper, for appellants.

James E. Barrett, Atty. Gen., Jack Speight, Asst. Atty. Gen., Cheyenne, G. Joseph Cardine, Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Proceedings initiated by the County Attorney of Natrona County against Leo Weiss, pursuant to the provisions of §§ 6–247 to 6–255, W.S.1957, 1967 Cum.Supp., resulted in the issuance of a permanent injunction by the district court of Natrona County. The injunction enjoined Weiss, his agents, servants or employees, from maintaining, using or permitting to be used certain premises known as the Van Rooms for the purpose of illegal sale of liquor without a license or for the purpose of prostitution.

Subsequent proceedings brought by the county attorney in accordance with the provisions of § 6–254, W.S.1957, 1967 Cum.Supp., charged Weiss with contempt of court for willful violation of the court's permanent injunction. The contempt matter was heard by the district judge without a jury; Weiss was found guilty of deliberately and knowingly violating the injunction; and he was fined $1,000 and sentenced to 90 days in jail. The matter is before us, in Case No. 3721, on his appeal from the order of punishment for contempt.

In separate proceedings Fifi Belondon was charged with aiding and assisting Weiss in maintaining and using the Van Rooms for the purpose of illegal sale of liquor without a license or for the purpose of prostitution. She was found guilty of contempt of court for violation of the Weiss injunction and was fined $1,000 and sentenced to 90 days in jail. She has appealed, in Case No. 3743, from the judgment and sentence against her.

### The Weiss Case

We will deal with the appeal of Weiss first, and in doing so we will consider in order the points relied on by him for reversal. These points are:

1. That the act pertaining to nuisances, under which he was enjoined and punished, is unconstitutional because the original bill for such act contained more than one subject contrary to Art. 3, § 24, Constitution of Wyoming.

2. That defendant was deprived of a jury trial in violation of Art. 1, § 9, Constitution of Wyoming.

3. That the action against defendant was arbitrary and without due process of law in violation of Art. 1, §§ 6 and 7, Constitution of Wyoming.

4. That there was a lack of due process of law because defendant was denied rights of discovery and was not given proper notice or time for a defense or jury trial.

■ *Point 1.* The act we are concerned with was adopted as Ch. 66, S.L. of Wyoming, 1963. It was Original House Bill No. 158. In the 1963 Session Laws, the act has been given the general heading or title by the compilers of "Public Nuisance Abatement." The title as given in the act is this:

"AN ACT relating to the abatement of public nuisances; defining those activities which constitute public nuisances; providing for their abatement by injunction; providing a penalty for violation of an injunction and for conducting a nuisance; and repealing Sections 6–107 and 7–453 through 7–460, Wyoming Statutes, 1957, relating to abatement of nuisances."

Appellant claims the act deals with gambling, keeping or selling liquor illegally, and prostitution, all of which are different subjects.

We have made it clear in previous decisions that Art. 3, § 24, of our state constitution was not intended to prevent the incorporation into a single act of the entire statutory law upon one general subject, but only that every provision must be germane to the subject expressed in the title. Board of Com'rs of Laramie County v. Stone, 7 Wyo. 280, 51 P. 605, 607; State ex rel. Fire Fighters Local No. 946, I.A. F.F. v. City of Laramie, Wyo., 437 P.2d 295, 303; Public Service Commission of Wyoming v. Grimshaw, 49 Wyo. 158, 53 P.2d 1, 11, 109 A.L.R. 534.

The one general subject involved in Ch. 66, S.L. of Wyoming, 1963, is the abatement of public nuisances; and the title to the act so states.

We have frequently held the purpose of the constitutional provision that no bill shall be passed containing more than one subject, which shall be clearly expressed in its title, is to prevent surprise or fraud in legislation; and all that is necessary for compliance with such constitutional provision is reasonable adherence thereto. Morrow v. Diefenderfer, Wyo., 384 P.2d 601, 603; Smith v. Hansen, Wyo., 386 P.2d 98, 101; and Brinegar v. Clark, Wyo., 371 P.2d 62, 66.

Appellant's point 1 is without merit.

■ *Point 2.* Concerning defendant's complaint that he was deprived of a jury trial in the contempt proceedings, we are reminded that Art. 1, § 9, Wyoming Constitution, provides the right of trial by jury shall remain inviolate in "criminal cases." The question therefore is whether proceedings against the defendant in connection with the citation for contempt was a "criminal case" within the meaning of that term as used in Art. 1, § 9.

Appellant cites no authority for his contention on point 2. In his brief he makes this single statement in support of the point: "Defendant was not granted a jury trial and did not waive the same." On the other hand, counsel for the State asserts encyclopedic and case law is clear on the point that contempt proceedings are equitable in nature, and that the parties involved are not entitled as a matter of common law or constitutional law to a jury.

In support of the State's assertion, counsel calls attention to the fact that our court, in Tucker v. State, 35 Wyo. 430, 251 P. 460, 464, quoted with approval from a Missouri case to this effect:

"It is settled law that every constitutional court of common-law jurisdiction has the inherent power to punish for contempt. * * * It is settled law that contempt cases are sui generis, * * * that contempt proceedings are summary, that there is no constitutional right to trial by jury * * *."

In People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832, 843, the California supreme court said the right of trial by jury did not exist at common law in a suit to abate a public nuisance. Hence it is not a constitutional right now.

Also, the Oklahoma supreme court, in Goodall v. City of Clinton, 196 Okl. 10, 161 P.2d 1011, 1013, held an abatement case, being an injunction case is one of equitable cognizance and the parties are not entitled to a jury trial as a matter of right.

With respect to the contempt proceeding, even though such proceeding was to punish for violation of the injunction it was part of the original suit, and it is well to remember that such proceeding is summary in nature and sui generis in character. Frey v. Willey, 161 Kan. 196, 166 P.2d 659, 662. See also § 6–254, W.S.1957, 1967 Cum. Supp., which authorizes the court, in case of a violation of the injunction, to "summarily" try and punish the offender.

Appellant presents no authority for the claim that he is entitled to a trial by jury on contempt citation. We are not unaware of recent holdings by the United States Supreme Court indicating a right to a jury trial on contempt citations under certain

circumstances, but such decisions have no application to the instant case.[1]

*Point 3.* Concerning point 3 raised by the Weiss appeal, we realize § 6 of Art. 1 of the Wyoming Constitution specifies that no person shall be deprived of life, liberty or property without due process of law; and § 7 of such article states absolute, arbitrary power over the lives, liberty and property of free men exists nowhere in a republic. We are at a loss, however, to know how it can be claimed either section was violated in the proceedings against Weiss.

The only argument made by counsel for appellant under this point is: "To deprive a defendant of a jury trial, to cloud the title to his real estate and thereby deprive him of the use of his property is without authority and strictly prohibited by the Bill of Rights."

We have held over and over again that a law will not be construed to be unconstitutional unless its unconstitutionality is clear and beyond a reasonable doubt; and the party who assails the validity of such law has the burden of proving his contention. Kuntz v. Kinne, Wyo., 395 P.2d 286, 288–289; Bell v. Gray, Wyo., 377 P.2d 924, 925–926; Bulova Watch Company v. Zale Jewelry Company of Cheyenne, Wyo., 371 P.2d 409, 417; Brinegar v. Clark, Wyo., 371 P.2d 62, 64.

This rule is clearly applicable as far as Weiss' point 3 is concerned. He has made no showing that either § 6 or § 7 of Art. 1 has been violated by proceedings brought pursuant to the authority contained in Ch. 66, S.L. of Wyoming, 1963, and we do not accept his contention in that regard.

*Point 4.* Our answer to the claim made for Weiss in point 3 is equally applicable to the claim made in his behalf in point 4.

The record before us shows that all rules of procedure were properly followed, insofar as anything called to our attention is concerned. In particular, we find nothing in the record to indicate Weiss was denied any rights of discovery; and he was afforded ample and proper notice of all proceedings against him. He was also afforded ample and proper time for defense at every stage of the proceedings—all according to applicable rules and statutory provisions. He calls nothing in the record to our attention which indicates otherwise.

He was not, it is true, given a jury trial. We have already disposed of that complaint.

We find no merit in any of the points relied on by Weiss for reversal. Therefore, the judgment of contempt against him and the order of punishment therefor are to be affirmed.

### The Belondon Case

Fifi Belondon was not a party to the injunction action brought against Weiss. She was not charged, in the contempt action against her, as an agent or employee of Weiss. Instead, she was charged with having been served with a copy of the injunction and having knowledge of it; and with thereafter assisting Weiss in maintaining and using the Van Rooms for the purpose of illegal sale of liquor without a license or for the purpose of prostitution. She was also charged with generally participating in the operation of the business and establishment.

Although her attorney has not argued that she cannot be punished for contempt for violation of the Weiss injunction, we think we should mention the general rule stated in 43 C.J.S. Injunctions § 263, p. 1012. It is to the effect that all persons who aid and abet parties to the suit, against whom an injunction has been rendered, in disobeying it, or who conspire with them for its violation, are guilty of a contempt of court if they have actual knowledge of the injunction, although not themselves parties to the suit or named in the order granting the injunction.

---

1. See Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522; and DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308.

For cases which recognize and follow this general rule, see Lyle v. Haskins, 24 Wash. 2d 883, 168 P.2d 797, 809; Gholson v. Wilmoth, Tex.Civ.App., 225 S.W.2d 605, 608; and State ex rel. Cannery Workers & Farm Laborers Union Local 7 v. Superior Court of King County, 30 Wash.2d 697, 193 P.2d 362, 364.

The points relied on for reversal in the Belondon case are generally the same points asserted in the Weiss case. Primary emphasis is placed on the complaint that defendant was denied a trial by jury.

These matters being already fully discussed in this opinion, in connection with the Weiss case, we will simply say the answers are the same. That includes of course what has already been said concerning a jury trial.

The only new or different statement made in the Belondon points is to the effect that the public nuisance abatement act we are dealing with is unconstitutional because it provides for the assessment of a tax which destroys the uniformity of taxation in Wyoming. The record does not indicate, however, that any tax has been assessed against Belondon or the Van Rooms in connection with these proceedings.

■ In any event, what we have said in considering the Weiss point 3 applies to the matter concerning the assessment of a tax. As we pointed out in the Weiss point 3 discussion, a law will not be held to be unconstitutional unless its unconstitutionality is clear and beyond reasonable doubt. No effort has been made on behalf of appellant-Belondon to suggest any reasons or authority for saying the assessment provision renders the act unconstitutional.

We have not been made aware of any denial of due process as far as defendant-Belondon is concerned; and no reversible or prejudicial error concerning her has been called to our attention. The judgment of contempt entered against her and the order of punishment should therefore be affirmed.

Both Case No. 3721 and Case No. 3743 are affirmed.