The STATE of Wyoming, acting by and through its WYOMING GAME AND FISH COMMISSION, Appellant (Plaintiff below),

v.

Allen O. FORDYCE, Appellee (Defendant below).

No. 4127.

Supreme Court of Wyoming.

Dec. 5, 1972.

Donald H. Hall, Sp. Asst. Atty. Gen., Cheyenne, for appellant.

Burgess, Kennedy & Davis and Henry A. Burgess, Sheridan, for appellee.

Hirst, Applegate & Dray and Byron Hirst, Cheyenne, for amicus curiae Wyo. Stock Growers Assn.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

The State, acting by the Wyoming Game and Fish Commission, has appealed a judgment which (1) denied the commission relief on its complaint seeking to determine the rights of the parties and to enjoin Allen O. Fordyce from running elk on his ranch in Sheridan County, and (2) pursuant to defendant's cross-claim, enjoined and restrained plaintiff from interference with defendant's ownership and possession of the elk upon his deeded lands. The parties at pretrial stipulated the relevant facts, which in distillate form were that Fordyce, owner of a large ranch, fenced some eight hundred acres of it with eight-foot woven and barbed wire and purchased certain elk, the adult animals having been originally owned by private persons outside the State of Wyoming—all the animals having been raised in enclosures without being allowed to roam at large. Fordyce had kept the elk in the fenced area and had the animals, which were apparently healthy, tested for certain diseases.

Although a number of legal issues were presented to the trial court, all were incidental to the central question, Could de-

fendant possess, confine, transport, and sell elk of any kind within the State without violating Title 23, W.S.1957?

In its appeal from the court's judgment decreeing that the elk owned by defendant were domestic (not wild) animals in which defendant had a property right, and enjoining the commission from interfering with him in the possession of the animals, the plaintiff here argues that:

1. The legislative history of the game and fish laws, Title 23, discloses the intent of the legislature that no person shall take, kill, hunt, pursue, possess, sell, transport, or destroy elk in the State of Wyoming except as the law provides, e. g., by hunting after obtaining proper license;

2. Promulgation of Chapter X of the Game and Fish Commission regulations was authorized by statute and was a valid exercise of the police power; [1] and

3. The application of the mentioned Game and Fish Commission regulations and various provisions of Title 23 to the elk in question did not result in violation of any constitutional right.

The judgment, after reciting facts contained in the parties' stipulation at the time of the pretrial conference, found generally against plaintiff on the basis that the elk owned by defendant were enclosed in a fence on his deeded land, and were "domestic animals, not wild animals, or animals in a state of nature," in which defendant had a property right, without other rationale.

Aside from constitutional questions to which reference will be made later, both parties rely largely on the provisions of the statutes. In so saying, we do not overlook

the citation of certain cases from other jurisdictions relating to game and fish controversies; but the facts in those are so dissimilar to the instant problem as to be of minimal assistance. Primarily, the plaintiff argues that the intent of the legislature is the ultimate matter for decision.[2] It calls attention to § 6, c. 49, S.L. of Wyoming Territory, 1882, repeated in § 6, c. 109, S.L. of Wyoming Territory, 1886 (§ 2117, R.S.1899), providing that it was "lawful for any person to take alive on his own premises, at any time and in any manner, any of the animals or birds hereinbefore mentioned [elk had been named] for the sole purpose of domesticating, or for scientific or breeding purposes." This section was repealed by c. 163, S.L. of Wyoming, 1909—§ 46 thereof providing:

"Any responsible resident person of good character, who shall desire to capture any of the game animals of this State, for the purpose of domestication and propagation, upon application to the State Game Warden * * * may receive * * * a permit which shall entitle such person to capture not more than three male elk, six female elk * * *. It shall be unlawful for any person to capture any elk more than one year old * * *. The capture and custody * * * shall not entitle a person holding a permit * * * to kill, sell or dispose of the same * * * but such person shall be entitled to an absolute property right in the natural increase of such animals."

This section evolved into § 49–210, W.R.S. 1931, which was specifically repealed by c. 65, S.L. of Wyoming, 1939.[3]

---

1. Section 3 of Chapter X (Wildlife Held in Captivity) of the regulations provided " * * * no * * * individual may * * * confine * * * game animals * * * within the state of Wyoming, whether same have come into [his] possession * * * from within or without the boundaries of the state, without first having obtained written permission from the Wyoming Game and Fish Commission and agreeing to abide by all of the rules and regulations

promulgated by said Commission." The record is void of any reasonable rules and regulations concerning "game" animals, privately possessed, being brought and confined within the State.

2. Longacre v. State, Wyo., 448 P.2d 832, 833; Lichty v. Lichty Const. Co., 69 Wyo. 411, 243 P.2d 151, 159.

3. Like provisions were never reenacted. Legislation was introduced in the 1971 session to permit the establishment of big

Defendant does not dispute such statutory history advanced by the commission but instead emphasizes other statutory enactments on which he seems to rely, first calling attention to the definitions in § 23-1(a) and (b), W.S.1957:

> "*Wild life.*—The words wild life shall be construed as meaning all of the wild animals, birds and fishes within the State of Wyoming;"

> "*Big game animals.*—The words big game animals shall be construed as meaning elk, deer, mountain sheep, wild goat, antelope, moose and bear but shall not include small game animals hereinafter defined."

He next quotes § 23-2, W.S.1957, with the noted emphasis:

> "*For the purpose of this act,* all wild life in Wyoming, as defined in section 2 hereof [§ 23-1], is hereby declared to be the property of the State of Wyoming; and it is the purpose of this act and the policy of the State of Wyoming to provide an adequate and flexible system for control, propagation, management, protection and regulation of all such wild life." (Emphasis supplied by defendant.)

From these he argues that our present statutes relating to game and fish by definition and express language are clearly limited to wild animals. He further maintains that the statute recognizing "domestic" elk (§ 11-517, W.S.1957—originally § 1, c. 58, S.L. of Wyoming, 1915) has not been repealed and then says that this section expressly authorizes the ownership of domestic elk, an erroneous assumption, since that section in no way authorizes the ownership of such elk but instead merely provides a penalty for any owner who allows them to run at large. Such statute, passed at a time when by law it was permissible to capture and breed elk, was undoubtedly overlooked by the legislature in the 1939 repeal of § 49-210, W.R.S.1931;

but whether or not it stands, it has no bearing at all as authorizing the ownership of domestic elk. Defendant's reference without argument or substantiation to §§ 23-1 and 23-2, W.S.1957, seems to imply without presenting authority that the legislature did not intend to include elk in captivity.

To support its position that the pertinent statutes and the commission's regulations do not interfere with interstate commerce, the State cites Geer v. Connecticut, 161 U.S. 519, 16 S.Ct. 600, 40 L.Ed. 793; New York ex rel. Silz v. Hesterberg, 211 U.S. 31, 29 S.Ct. 10, 53 L.Ed. 75; Bayside Fish Flour Co. v. Gentry, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772; Salasnek Fisheries, Inc. v. Cashner, 9 Ohio App.2d 233, 224 N.E.2d 162; Annotation, 92 A.L.R. 1266. However, we see no occasion to examine this contention in depth since a law will not be declared unconstitutional unless its unconstitutionality is clearly shown,[4] and the one assailing a law as unconstitutional having the burden of proving his contention.[5] Defendant's argument concerning unconstitutionality is based wholly upon his allegation that the Wyoming legislature has recognized that an individual can own domestic elk, and we have already made clear that this assumption is without basis.

The record here discloses that the Game and Fish Commission has not issued reasonable rules to effectuate its authority as far as situations similar to those of defendant are concerned, and it is implicit that any state commission will act only in accordance with reasonable rules which it has promulgated.

▆▆▆ In the present situation for the commission to categorize the animals in defendant's possession as "wild life" or for him to denominate them as "domestic animals" is equally absurd. They are ipso facto neither. A parallel situation may illustrate the point: There are certain geese

---

game animal farms and the private ownership of big game animals confined within such farms, but failed of passage.

4. Albert v. State, Wyo., 466 P.2d 826, 827.

5. Weiss v. State ex rel. Cardine, Wyo., 455 P.2d 904, 907.

that are wild; other geese are domestic; and still others are formerly wild but have been in captivity. Accordingly, plaintiff's action must fail, but not for the reasons stated by the court in its judgment or argued by defendant in its brief. It fails because the commission cannot without proper rules and determination thereunder affect and control animals in private ownership.[6] The commission may, of course, regulate and control subject to constitutional limitations and exercise of proper discretion privately possessed elk brought and confined within the State.

The judgment is affirmed insofar as it dismisses plaintiff's complaint with prejudice but is otherwise reversed.

Affirmed in part; reversed in part.

6. Marathon Oil Company v. Pan American Petroleum Corporation, Wyo., 473 P.2d 575, 577.