## BOARD OF COMMISSIONERS OF LARAMIE COUNTY v. STONE.

COUNTIES — PROCEEDINGS OF COUNTY COMMISSIONERS — EVIDENCE — CONSTITUTIONAL LAW — TITLE OF AN ACT AMENDATORY OF A SECTION OF THE REVISED STATUTES, SUFFICIENCY OF.

1.  A county board of commissioners can not avoid liability for its official acts by the failure of the proper officer to record its proceedings as required by law.

2.  When there has been an entire omission to make a record of · a particular proceeding of the board, it may be established by parol evidence.

3.  The written appointment of a deputy county treasurer, made out by the treasurer, and filed with the county clerk, and a letter from the treasurer to the county board requesting

them to approve the appointment, and an indorsement thereon showing an approval by the board signed by its chairman, and its filing by the county clerk, were, in the absence of a record, in the journal, of such proceedings, admissible in evidence as circumstances tending to show that action was taken by the board, and what such action was.

4. The case being fairly presented to the trial court upon the evidence, and that court having found that the board's approval of the appointment, although not made until July, was a general approval of the appointment as made in January; and the finding being fairly sustained by the evidence, it will not be disturbed on error.

5. The constitutional requirement that "no bill, except general appropriation bills and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title" (Art. 3, Sec. 24) does not intend that the title shall be an abstract of all the various provisions of a bill, nor does it intend to prevent the incorporation in a single act of the entire statutory law upon one general subject, but only that every provision must be germane to ·the subject expressed in its title.

6. In case of an amendment to the Revised Statutes, it is sufficient that the title of the amendatory act refer to the chapter and section of the revision which is affected, and declare the purpose to amend or supplement it. All the provisions of the amendment, however, must be germane to the subject of the amended section.

7. Where the title of an amendatory act referred to the chapter and section of the Revised Statutes to be amended, and attempted also in addition to state the effect, or some part of the effect of the amendatory act, but the grammatical structure of that part of the title was such as to convey no meaning. Held, that such part of the title was harmless and of no effect, and the title was sufficient (the decision affecting L. 1891, Ch. 72; relating to limitations of actions).

[Decided January 6, 1898.   Commenced in District Court January 5, 1897.]

Error to the District Court for the county of Laramie. Hon. Joseph L. Stotts, Judge of Fourth District, presiding.

Edward W. Stone brought this action against the Board of the County Commissioners of the county of

Laramie to recover the salary of L. E. Stone as deputy treasurer for the months of January to June, inclusive, 1891; the claim for such salary having been assigned to the plaintiff.

Edward W. Stone was elected county treasurer at the first State election in September, 1890. He held the office until January, 1893. On January 15, 1891, he appointed L. E. Stone as his deputy, executing a written appointment, upon which was indorsed the oath of said deputy, and which was filed with the county clerk, January 22, 1891. In February, 1891, a bill of the deputy for services in January was disallowed by the board. July 1, 1891, the plaintiff addressed a letter to the board requesting the approval of said appointment of deputy. July 6, 1891, that letter was filed by the clerk, and as filed it had indorsed upon it an approval signed by the chairman of the board, stating that it was "By order Board of Co. Com'rs." No record of any action upon the request of the treasurer, nor upon the matter of said appointment, appeared in the journal of the board; although there was a meeting held on said July 6, 1891. Subsequent to July 1, 1891, L. E. Stone as deputy was paid salary upon allowance of his bills therefor by the board at the rate of $100 per month, during the continuance of said E. W. Stone in said office. In 1896 a claim was made to the board for his salary from January to June, 1891, inclusive, which was disallowed, and this suit was brought January 5, 1891. The answer in the case contained a general denial and a plea of the statute of limitations. On the trial, over objection, the court admitted in evidence proof of the reasonable value of the deputy's services, proof of the necessity for his employment, proof of the knowledge of the board of the performance of the services, and also the letter of the treasurer addressed to the board and the indorsements thereon. Judgment was rendered for the plaintiff for the amount of the claim, less interest. The defendant prosecuted error.

*R. W. Breckons*, for plaintiff in error.

In first-class counties the consent of the board is required to the appointment of a deputy treasurer. The character of the required consent is stated in Griggs v. Board, 5 Wyo., 274, and the decision in that case is applicable to the case at bar. Consent and approval are different things. Even if the board approved the appointment in July, that would not show a consent to the employment for the preceding six months. Upon the facts no approval for the first six months is shown. The appointment of the deputy without the board's approval was void. (State v. Henderson, 4 Wyo., 535; Mechem on Off., 134; State v. Rareshide, 32 La. Ann., 934; State v. Fraser, 28 Atl., 435; Jones v. Easton, 4 Pa., Dist. R., 509.) The admission of the testimony as to value of services was error, as the county is not bound by an implied contract in a case of this kind. (Dillon on Mun. Corp., 4th ed., Secs. 459–461.) It was also error to permit the introduction of evidence to show a necessity for the services. That is for the Legislature to determine, or the body to whom authority has been given to determine it. The allowance in evidence of the treasurer's letter and indorsements was erroneous. The law appears to be well settled that where a record of the proceedings of a body like a board of county commissioners is, by law, required to be kept, parol evidence of the board's action may not be given, at least until the record is shown to be either lost or defective. (Dillon M. Corp., Secs. 300–302; Lowell v. Wheelock, 11 Cush., 391; Morrison v. Lawrence, 98 Mass., 219; in re Buffalo, 78 N. Y., 362; Aurora v. Fox, 78 Ind., 1; Johnson v. Co., 12 Nev., 28; Company v. Tierney, 47 Ill., App., 840; Childrey v. Huntington, 11 L. R. A., 313; County v. O' Neill, 29 Pac., 430; Corey v. Hunter, 51 N. W., 54; Whitehead v. School Dist., 145 Pa. St., 428; Taylor v. Henry, 2 Pick., 397; Methodist v. Herrick, 25 Me., 354.

The liability of the county if it exists at all is one

created by statute. (Board v. Atkinson, 4 Wyo., 334.)
The act of 1891 attempting to amend Sec. 2370, R. S.,
relating to limitations of actions, violates Sec. 24 of Art.
3 of the constitution, so far as limitations upon actions
upon a statutory liability are concerned. The title did
not refer to that character of action. The purpose and
effect of the constitutional provision relating to titles of
legislative acts are illustrated by the following cases:
(Thomas v. Collins, 58 Mich., 64; Ayebridge v. Town,
60 Ga., 405; People v. Supervisors, 43 N. Y., 10; Board
v. Baker, 60 Ind., 374; Gaskin v. Anderson, 55 Barb.,
259; in re Sackett, 74 N. Y., 95; Dorsey v. App., 72
Pa. St., 192; 97 Ind., 79; 23 Fed., 20; 12 Lea., 180; 45
N. J. L., 469; 56 Ala., 246; 107 Pa. St., 185; 34 Kan.,
645.) The limitation upon such an action is therefore to
be determined by Section 2370, R. S., which makes it
four years; and this would bar the present action. In
reply, counsel cited upon the question of the nature of the
liability contending that it was statutory. (33 Pac., 531;
18 Cal., 176; 16 Hun., 369; 28 Kan., 326.)

*W. R. Stoll*, for defendant in error.

The defendant in error contends as follows, to wit:
1. That the approval of the plaintiff in error on July 6,
1891, of the appointment made on January 15, 1891,
related back to the date of said original appointment.
2. That the records of the proceedings and actions of the
board of county commissioners is not confined to what
may be entered on the journal of the board, but that bills
filed and all memoranda filed and kept as a part of the
records of the office, are of equal authenticity with the
journal, and all constitute the records of the office. 3.
That, conceding it to be a proposition of law, that it is
the duty of the board to enter in its journal a record of
its proceedings in all cases, and that in this case it was
the duty of the board to enter on the journal a record of
its approval of the appointment of the deputy, the board

is always estopped from setting up in an action against the county the fact of its own failure to perform its duty.

When the treasurer made the appointment, he did all he could do. The failure of the board to act can result in no detriment to the treasurer or his deputy.

When an appointment has been made and is subsequently confirmed by the person or body in whom the approval or confirmation rests, it relates back to and becomes complete from the date of the original appointment. (19 Ency. of Law, p. 428, and cases cited; Shepard v. Harlason, 16 La. Ann., 134; Gilley v. Kelly, 5 La. Ann., 534; Dyer v. Bayne, 54 Md., 87, at 101; United States v. Bradley, 10 Pet., 364; People v. Chazneau, 20 Cal., 503.)

A memorandum or book which has been kept by persons in public office because required or made useful by the nature of the office, or expressly required by statute to be kept, is a public record. (20 Ency. L., 508, 509; 13 Kan., 194; 12 O. St., 635; 13 id., 406.) The duties of the county clerk as defined by statute, illustrate the matters which constitute the records of the board. (L. 1890–91, Ch. 54.) The letter of the treasurer and its indorsements was therefore properly admitted in evidence. It in no way changes or modifies any other record made by the board.

The principle of estoppel applies and prevents the board from taking advantage of its own wrong or negligence. When there is absolutely no record of what was done, what was done may be shown by evidence *aliunde*. When one has been induced to perform work or expend money upon the faith of the proceedings of such board, the rights of such person will not be prejudiced by the failure of the board to keep proper minutes. (Hutchinson v. Pratt, 11 Vt., 402; Bridgford v. Tuscumbia, 16 Fed., 910; Athearn v. Millersburg, 33 Ia., 105; Bigelow v. Perth Amboy, 25 N. J. L., 297; San Antonio v. Lewis, 9 Tex., 69; O'Mally v. McGinn (Wis.), 10 N. W., 515.)

Where there is some statutory authority for the performance of services or labor or the doing of any other thing for the benefit of the county, and such services, labor, or other thing are done with the knowledge, concurrence, or acceptance of the county commissioners, the county is liable for the reasonable value of such labor, services, or other thing. (Adams v. Directors (Ariz.), 40 Pac., 185; Behan v. Board (Ariz.), 31 Pac., 521; County v. Budenhart, 16 Pa. St., 458; Marsh v. Fulton Co., 10 Wall., 676; City v. Ward, 102 U. S., 294; Madison Co. v. Gibbs, 9 Lea., 383, at 385, 386; Atkins v. County, 97 Mass., 428; Snow v. Inhabitants, 54 Mass., 42; People v. Supervisors, 28 How. Pr., 22; Reed v. McCrary (Ga.), 21 S. E., 232; Fould v. Jackson Co. (Ia.), 51 N. W., 71; City v. Micklejohn (Tex.), 33 S. W., 735; Athearn v. Millersburg, 33 Ia., 105.)

The constitutional provision as to titles of acts does not apply to amendatory acts. This action, however, is one on an account, and clearly limited to eight years under Ch. 72, Laws 1890-91.

The fact alone that a statute designates the amount of salary an officer shall be entitled to is not sufficient to characterize such a statute as one that creates a liability. The liability is created by a refusal to pay the officer the amount due him. The amount of designated salary may be the measure of damages to which the officer may be entitled by the refusal to pay his salary, and it may not be; but because this amount *may* determine the measure of damages is no reason for saying that the statute which fixes the amount of salary *creates the liability.* To determine whether a statute *creates* a liability one must go to the statute itself and not outside of it. The liability must be the direct result of the language of the statute. The statute itself must declare or fix the legal status or characteristics of the liability. (13 Ency. L., 287.)

The statute does not run (1) where there are mutual accounts between the two parties, until the date of the last item; (2) where the account is all on one side, pro-

vided there was an agreement or contract or arrangement made at the time of the beginning of the account, providing for the continuance of the same for a specified time, or until the happening of a certain event, in which case it begins to run from such specified time or the happening of such event; (3) where the services performed are continuous services, or the account involves the idea of continuity, in which case it dates from the last item. And this latter statement is true in the absence of any agreement, as it is implied from the nature of the transaction.   (1 Wood on Limitations, Sec. 120; Angell on Limitations, Sec. 126; (Minn.) 26 N. W., 225; 36 Mich., 207; 32 Ia., 172; 40 Mich., 646; 31 Ia., 248; 22 N. E., 777 (Ind.); (Me.) 10 Atl., 60; 9 Gray, 60; 69 Pa. St., 144; 8 Nev., 218; 57 Mo., 78; 40 Ia., 41; 40 Ia., 38; 53 Miss., 171; Jackson v. Mull (Wyo.), 42 Pac., 603.) The board having refused to act upon the account or claim can not be permitted to plead the statute.

Corn, Justice.

The evidence in this case shows that the defendant in error as county treasurer of Laramie County executed a written appointment of L. E. Stone as deputy county treasurer, on January 15, 1891.   That L. E. Stone took the oath of office and that the paper containing such appointment and oath were filed with the county clerk on January 22, 1891.   That said L. E. Stone entered upon the duties of the office and was recognized by the board as the deputy treasurer.   Under the date of July 1, 1891, defendant in error addressed a note to the board requesting them to approve such appointment.   Upon this note was written in the handwriting of the chairman of the board "Approved July 6, 1891.   By order Board Co. Coms. Geo. W. Hoyt, Ch. Co. Board."   Upon it was indorsed by Ira L. Fredendall, the county clerk, "Request for approval of L. E. Stone, Dep. Tr., Filed July 6, 1891.   Ira L. Fredendall.   Approved July 6, 1891." The evidence also shows that the board in February, 1891,

refused to allow a claim for salary to said L. E. Stone as such deputy, and that no salary was allowed for his services up to July 6, 1891, but for the remainder of the two years' term of E. W. Stone as treasurer allowed his salary at the rate fixed by statute of $100 per month, and it was paid. The journal in which the proceedings of the board were recorded fails to show any consideration of .the appointment or any action upon it whatever. The claim for salary of the deputy prior to July 6, 1891, was assigned to defendant in error, and the board finally refusing to pay it, defendant in error brought suit for it on January 5, 1897.

By statute the counties of the State are divided into four classes, Laramie being a county of the first class. Section 6, chapter 56, Laws of 1890–91, provides "that the treasurer of each county of the first class may appoint, by and with the consent of the board of county commissioners, one deputy, who shall receive an annual salary of twelve hundred dollars." Section 2 provides that all deputies and assistants, provided for in the act, shall be appointed subject to the approval of the board. Yet the act in other sections authorizes various officers to appoint one deputy, saying nothing of the necessity for the consent of the board, and then further providing that such officer may "with the consent of the board," appoint such other deputies as may be necessary, etc. In other sections, including Section 6, under consideration in this case, it is provided specifically that the appointment of the one deputy allowed to an officer shall be "by and with the consent of the board." The meaning of the chapter is not clear, but the intention seems to be that the individual selected for the place shall in all cases be subject to the approval of the board, though the officer in one class of cases is entitled by law to the assistance of a deputy. In another class not only must the individual selection be approved, but the officer is not entitled to the services of a deputy at all except by the consent of the board. And this court has so construed it in Griggs v. Commissioners, 5 Wyo., 274.

The present case belongs to the latter class, and the important question is whether the consent of the board is shown. Secs. 1842 and 1843, R. S., in defining the duties of the county clerk provide that it shall be his duty to record in a book kept for that purpose, all proceedings of the board, but there is no provision of statute making such record the only evidence of its official acts. It is clear that the board can not avoid liability for its official acts by the failure of the proper officer to record its proceedings as required by law, and we think the weight of authority in such cases is that when there is an entire omission to make any record of the particular proceeding, it may be established by parol evidence. Hutchinson v. Pratt, 11 Vt., 402. Bridgford v. Tuscumbia, 16 Fed., 910; Bigelow v. Perth Amboy, 25 N. J. L., 297; Dillon's Mun. Corp. (3d ed), Sec. 300 and cases cited. We think the items of evidence offered by the defendant in error were admissible as circumstances tending to show that action was taken by the board and what the action was. From this evidence it appears that the matter of the appointment of the deputy was submitted to the board at its meeting on July 6th, and that the chairman indorsed the request for its approval "Approved by order of the board." This general approval of an appointment made January 15, and filed with the board January 22, together with the fact that L. E. Stone had attended the meetings of the board during this interval and been recognized by it as deputy treasurer, would indicate that the approval was intended to operate from the date of the appointment. There are other circumstances, such as the refusal of the board in February to allow a claim for the services of the deputy, which tend to a different conclusion. All the evidence was submitted to and passed upon by the trial court, and from it the court found for the plaintiff, which involved a finding that the board had approved the appointment and that it was a general approval of the appointment as made and intended to operate from its date.

We think the finding is fairly sustained by the evidence, and we are not disposed to disturb it.

But it is urged that the claim of the defendant in error is a liability created by statute and is barred by the statute of limitations. Sections 2368 and 2370 R. S. are as follows: '' Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues.'' * * * '' Within four years an action upon a contract not in writing, either express or implied; an action upon a liability created by statute, other than a forfeiture or penalty.''

In 1891 the Legislature passed an act amendatory of Sec. 2370, the title of which is, '' An act to amend and re-enact section twenty-three hundred and seventy of the Revised Statutes of Wyoming, in such manner as to repeal all limitations arising under contracts not in writing, either expressed or implied, shall be brought within eight years after the cause of action accrues.'' Then follows the act: '' Be it enacted by the Legislature of the State of Wyoming: Sec. 1. That Section 2370 of the Revised Statutes of Wyoming be, and the same hereby is, amended and re-enacted so as to read as follows: Section 2370. Within eight years an action upon a contract not in writing, either expressed or implied; an action upon a liability created by statute other than a forfeiture or penalty.'' This action was brought within eight, but not within four years, and the plaintiff in error contends that the subject matter of the second clause of Section 2370 is not embraced in the title to the act of 1891, that by Section 24, Art. 3, of the constitution the act is void so far as it would affect such second clause, and that the limitation of four years is still in force as to this claim.

Section 24, Art. 3, of the constitution is as follows: '' No bill except general appropriation bills and bills for the codification and general revision of the laws, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject is embraced in any act which is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.'' The object of this provision is well

understood. It was to prevent surprise or fraud in legislation by means of provisions in bills of which the titles gave no intimation. It was not intended that the title should be an abstract of all the various provisions that a bill might contain, nor was it intended to prevent the incorporation into a single act of the entire statutory law upon one general subject, but only that every provision must be germane to the subject expressed in the title. Section 2370 is contained in Chapter 2 of Division 2 of Title 38 of the Revised Statutes. No question is, or can be, made as to the validity of the act as originally passed. This revision was adopted prior to the adoption of the constitution, while Wyoming was a Territory, and the original titles of the various acts are not preserved. But the title of the chapter in the revision is "time of commencement of actions," and the chapter contains our statute of limitations. A reference, therefore, to the section by its number accurately indicates the general subject of the legislation to be affected by the amendment. And it has been, we think rightly, held that it was not to amendments of general statutes thus consolidated into a code that the section was intended to apply, but it was aimed at the separate acts in their original enactment; that in the case of amendments to a code it is sufficient that the title refer to the chapter and section specifically, and declare the purpose to amend or supplement it. People v. Howard, 73 Mich., 10; Robby v. Shepherd, 42 W. Va., 290; State v. Mines, 38 W. Va., 137; Brown's case, 91 Va., 762; Bell v. Maish, 137 Ind., 229; Dodge v. State, 17 Neb., 140; State v. Berka, 20 Neb., 375; Sutherland Stat. Cons., Sec. 101. In Brown's case supra the subject is very ably discussed and a great many authorities collated. Of course it must be understood that all the provisions of the amendment must be germane to the subject of the amended section.

In this case the title attempts to go beyond the requirements of the constitution and to state the effect, or some part of the effect, of the amendatory act. But the gram-

matical structure of this part of the title is so extraordinary as to convey no meaning whatever. It does perhaps direct attention to the fact that the act has reference in some way to the subject of limitations, but it does not state the object or purpose of the act in a way that the average mind can comprehend it, and we think this part of the title may be pronounced at least harmless and of no effect.

The judgment will be affirmed.

POTTER, C. J., concurs.

Knight, J., did not sit in this case, it having been heard and submitted during the lifetime of the late Mr. Chief Justice Conaway.