Lee Roy BRINEGAR, Appellant
(Plaintiff below),

v.

Burton L. CLARK, State Fire Marshal,
Appellee (Defendant below).

No. 3020.

Supreme Court of Wyoming.

May 1, 1962.

Rehearing Denied July 9, 1962.

George F. Guy, Walter B. Phelan, of Guy & Phelan, Cheyenne, for appellant.

Norman B. Gray, Atty. Gen., and W. M. Haight, Deputy Atty. Gen., Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff on April 18, 1959, opened a coin-operated service station in Rock Springs. When on April 23, 1959, he was given twenty-four hours by town authorities for compliance with the state fire code, he brought a declaratory judgment action challenging the constitutionality of §§ 35–431—35–433, W.S.1957, under which the state fire marshal had acted, and § 35–421, W.S.1957, which sets out the powers of the marshal. He alleged that the former statutes deprived him of property without due process of law, in violation of Art. 1, § 6, Wyo.Const.; that the latter gave the marshal no jurisdiction over gasoline pumps of service stations; that the moving force behind both the adoption and the enforcement of the regulations by the marshal was the activities of business competitors; and

that the law in question was in violation of other Wyoming constitutional provisions: Art. 2, § 1, that the powers of government are divided into three departments; Art. 3, § 24, that a bill shall contain only one subject, which shall be expressed in its title; and Art. 4, § 1, that the executive power be vested in the governor.[1]

The matter was fully heard at which time evidence was adduced by both parties. The court found that the third cause of action wherein it was alleged that business competitors were the moving force behind the adoption and enforcement of the regulations had been properly dismissed; that §§ 35–431—35–433 were constitutional; that § 35–431 (apparently this was a typographical error and the court intended to state § 35–421) gave the fire marshal jurisdiction to promulgate necessary rules and regulations in accordance with the standards provided; and that the title of c. 93, S.L. of Wyoming, 1955, now art. 1 of c. 7, title 35, W.S.1957, did not violate Art. 3, § 24, Wyo.Const. Accordingly, judgment was entered dismissing the complaint and plaintiff here urges error as to each of the court's rulings.

At the inception it may be well to note that plaintiff's philosophy of the case stems largely from his view that the rules prohibit rather than regulate his business, a premise which we shall explain later is unwarranted.

The statutes in issue are contained in title 35, art. 1 of c. 7, W.S.1957, and were originally passed as c. 93, S.L. of Wyoming, 1955, the basic provision being contained in § 35–421:

"In addition to the powers hereinafter granted, the State Fire Marshal shall have the following powers:

\* \* \* \* \* \*

"4. The State Fire Marshal shall have authority to inspect public, business or industrial buildings and to require conformance to standards of pre-

---

1. Certain other charges of unconstitutionality are argued although not raised in the pleadings.

vention and safety and of use of premises as promulgated by the National Board of Fire Underwriters, or by the United States Bureau of Standards.

"5. The State Fire Marshal is hereby given power to do all things necessary and convenient for carrying into effect the laws of this State governing this Act [§§ 35–419 to 35–436] and may, from time to time, promulgate necessary rules and regulations for the better protection of the lives and property of the public."

Purporting to act under the authority of the last named subsection, the marshal, who was defendant's predecessor, on November 10, 1958, issued a statement that he had adopted as the minimum standards for the State of Wyoming certain pamphlets including National Board of Fire Underwriters Pamphlet 30, entitled "Standard for the Storage, Handling and Use of Flammable Liquids." Although all of the standards of Pamphlet 30 are questioned, the principal section under challenge in this action is:

"6340. Automatic Dispensing Units:

"The installation and use of coin-operated dispensing devices for Class I flammable liquids [including gasoline] is prohibited." [2]

Plaintiff argues that the marshal in issuing the questioned regulations went beyond the implementation of the statutes and the effectuation of the will of the legislature, violating Art. 2, § 1, and Art. 3, § 1, Wyo. Const.; that nothing in title 35, art. 1 of c. 7, W.S.1957, authorizes the marshal to regulate filling stations which are not listed in the statutes as subject to inspection and regulation.

■ He urges that filling stations are not within the "building or premises" mentioned in § 35–431, the "places where large numbers of persons work, sleep, live or congregate" of § 35–421, subsection 2, or the "public, business or industrial buildings" of § 35–421, subsection 4. He attempts to invoke the doctrine of ejusdem generis and cites a few authorities in substantiation but presents only general discussion and fails to correlate any cited authorities with the pertinent statutes so as to carry his argument to a logical conclusion. Undoubtedly, as relates to this case, the words "building or premises subject to * * * inspection" in § 35–431 refer to § 35–421, subsections 4 and 5. These two subsections by the method of dismemberment employed by plaintiff can, of course, be questioned as authority for the challenged action, but grammatical analysis of the provisions therein must be made in the light of well settled rules applying to constitutionality, i. e., that statutes will not be declared unconstitutional unless the unconstitutionality is clear,[3] that it cannot be presumed that the legislature intended to do a futile thing,[4] and that in determining constitutionality all related statutes must be considered in pari materia.[5] So considered, these subsections reasonably extend the mentioned authority of the marshal not only to buildings but to premises used for *public, business, or industrial purposes.*

■ Plaintiff maintains that even though this court should hold defendant to have had authority for the issuance of § 6340 such regulation is nevertheless unconstitutional as it is an unreasonable exercise of police power, has no rational basis of fact, does not bear a reasonable relation to public peace, health, morals, welfare, or

2. An unexplained exhibit containing the questioned regulation was dated June 1959, but apparently this was identical with the regulation as it existed November 10, 1958.

3. Stoffey v. City of Casper, Wyo., 357 P. 2d 456, 358 P.2d 951; State v. Wilson, 76 Wyo. 297, 301 P.2d 1056.

4. Bergner v. State, 144 Conn. 282, 130 A. 2d 293; 2 Sutherland, Statutory Construction, p. 327 (3 ed.).

5. State v. Scott, 35 Wyo. 108, 247 P. 699; People ex rel. School Dist. No. 3 in Laramie County v. Dolan, 5 Wyo. 245, 39 P. 752.

safety, and is class legislation. He cites several cases, the following of which seem to be representative of his philosophy: Cities Service Gas Co. v. Peerless Oil & Gas Co., 340 U.S. 179, 71 S.Ct. 215, 95 L. Ed. 190, for the principle that a regulation must be substantially related to the end sought to be obtained; Louis K. Liggett Company v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204, for the rule that a police regulation must not be arbitrary or oppressive; and Ludwig v. Harston, 65 Wyo. 134, 197 P.2d 252, for the statement that a requirement must be reasonable in view of the object sought to be obtained. While the rules are unquestioned by counsel, the facts scarcely bear out plaintiff's thesis. It is true that there was testimony before the court which tended to show that a coin-operated gas dispensing device was not inherently dangerous, but he overlooks the testimony before the court which tended to show that fires have occurred in coin-operated stations in neighboring states during recent years. This testimony in conjunction with the fact that courts have long considered gasoline and kerosene stored in large quantities to be dangerously inflammable constituted sufficient basis upon which the trial court could have properly determined the regulation to be reasonable.

Plaintiff complains that the court erred in striking his third cause of action wherein he alleged that the moving force behind the adoption and enforcement of the questioned regulations was the desire of competitors to eliminate him from the gasoline filling station business. It is unnecessary to refer specifically to the various cases which he cites, since in general they deal with situations where the purported exercise of the police power was said to have been a mere cloak for the arbitrary interference with or the suppression of a lawful business. There was no evidence or offer to prove here that the business competitors influenced the enactment of the law or the adoption of the regulations, and, as we have previously pointed out, there was evidence before the court on which it could

properly have found § 6340 to be reasonable. Except on the point of prohibiting rather than regulating plaintiff's business, which will receive attention hereafter, the cases are inapplicable.

■ Plaintiff asserts that § 35–421 is void because it unlawfully delegates a legislative function to a private agency and quotes from Hillman v. Northern Wasco County People's Utility District, 213 Or. 264, 323 P.2d 664, wherein the court held to be unconstitutional a statute which provided that all electrical installations should be made in substantial accord with the National Electrical Code as approved by the American Standards Association and rules and regulations promulgated by the Commissioner of the Bureau of Labor relating to such work as to fire and personal injury hazards. This situation was different from the one before us. The Oregon court emphasized the principal objection that the law adopted the questioned rules prospectively, saying that it doubted that the positive duty imposed on the commissioner by the statute "is properly performed by blindly accepting *in advance* such safety regulations as may be adopted in the manner outlined." (Emphasis supplied.) This distinction is further observed in Seale v. McKennon, 215 Or. 562, 336 P.2d 340, where it was stated that the authority to adopt as the future laws of Oregon future laws or regulations of the United States or its departments is unconstitutional, but adding "adoption of existing statutes and regulations of the federal government or another state is, however, valid."

The general rule applicable to situations wherein the legislature seeks to permit an administrative official or agency to adopt certain rules or standards approved by other governments or agencies is that enunciated in State ex rel. Taylor v. Taylor, 58 Idaho 656, 78 P.2d 125, 128:

"* * * the legislative function has been complied with, where the terms of the statute are sufficiently definite and certain to declare the legislative purpose and the subject matter

meant to be covered by the act; and that the Legislature may constitutionally leave to administrative agencies the selection of the means and the time and place of the execution of the legislative purpose * * *."

And see 11 Am.Jur. Constitutional Law § 240; 16 C.J.S. Constitutional Law § 138. A good discussion of the relevant principles are contained in Annotation, 79 L. Ed. 474, 489.

Plaintiff also insists that §§ 35-431—35-433 are violative of Art. 2, § 1, Wyo.Const., dividing the powers of the government in three departments, and Art. 5, § 1, Wyo.Const., vesting the judicial power of the State in the courts. His reasoning is that the marshal has power to determine that the owner of a building is guilty of a misdemeanor with no provision for notice, hearing, judicial findings, or judicial review. He does not actually protest that he was denied any such rights but rather assails the legislation generally for the defect as it might apply to any person within its coverage. The cases cited are not germane, and the point would not merit discussion except in defendant's response he implies that § 35-429, W.S.1957, relates to the entire chapter which is not the fact. The appeal in that section would seem to pertain only to judgment in the district court growing out of the provisions of §§ 35-426—35-428, W.S.1957. The appeal provided for in § 35-432, W.S.1957, is only to the state fire marshal without reference to the courts. Nevertheless, there is substantial precedent for the view that courts have inherent authority to review the actions of administrative officials or agencies where their actions are arbitrary, fraudulent, collusive, or otherwise illegal. Foster v. Goodpaster, 290 Ky. 410, 161 S.W.2d 626, 140 A.L.R. 1044; Cofman v. Ousterhous, 40 N.D. 390, 168 N.W. 826, 18 A.L.R. 219; 42 Am.Jur. Public Administrative Law § 187; 73 C.J.S. Public Administrative Bodies and Procedure § 164. And see Bunten v. Rock Springs Grazing Ass'n, 29 Wyo. 461, 215 P. 244. In the light of all the circumstances recited, we would, therefore, be reluctant to hold any of the statutes in this chapter unconstitutional on the mentioned bases.

One challenge of constitutionality is that the issuance of § 6340 is a violation of Art. 3, § 24, Wyo.Const., since any power of the marshal to abolish a form of gasoline dispensing device is not within the title of the statute. In Public Service Commission of Wyoming v. Grimshaw, 49 Wyo. 158, 53 P.2d 1, 109 A.L.R. 534, we pointed out that the title of an act of legislation may be sufficiently general and comprehensive to embrace every means and end necessary or convenient for the accomplishment of the general purpose expressed therein. In Board of Com'rs of Laramie County v. Stone, 7 Wyo. 280, 51 P. 605, 607, we discussed the reason for the rule, "It was to prevent surprise or fraud in legislation by means of provisions in bills of which the titles gave no intimation. It was not intended that the title should be an abstract of all the various provisions that a bill might contain." In State ex rel. Wyckoff v. Ross, 31 Wyo. 500, 228 P. 636, we said this section must be liberally and reasonably construed. All that is necessary for compliance with this provision of the constitution is a reasonable adherence thereto. Its purpose is the informing of interested persons as to the legislation passed. This does not mean that the title of the bill must encompass all of the aspects of the statute which follow or that every person or thing therein affected need be delineated. The title of the bill in this case read:

"AN ACT establishing the office of a State Fire Marshal; providing that the Insurance Commissioner shall be Ex-Officio State Fire Marshal; providing for the powers and duties, rules and regulations; providing for investigation and reports of fires; providing for the repair, demolition and destruction of dangerous buildings; providing for notice, hearing and method and manner of appeal from order of

State Fire Marshal; providing that expense shall be a lien against real property and for the sale thereof to satisfy said lien; providing penalties for violation." S.L. of Wyoming, 1955, p. 83.

This could, of course, have been more complete, but we think it sufficiently informed all interested persons that there was to be a fire marshal, that he was to take certain action relating to fire prevention, fires, and fire damage. The dictionary definition of fire marshal is, "the head of a city, county, state, or provincial fire-prevention or fire-investigation bureau." Webster's Third New International Dictionary (1961). No one who read the title and was thus aware of the passage of the law could reasonably claim to have been misled since the statement by fair implication advised all citizens that inclusive rules and regulations for fire protection would be adopted.

 Throughout the brief and argument, plaintiff has asserted that the questioned rule is prohibition rather than regulation. Assuming without deciding that this was true at the beginning of the litigation, certain developments have occurred which make this presently incorrect. During the oral argument, information was presented to this court which has been later confirmed by stipulation of counsel that the questioned § 6340 had been amended to read:

"The installation and use of *unattended* coin-operated dispensing devices for Class I flammable liquids is prohibited." (Emphasis supplied.) National Board of Fire Underwriters No. 30, November, 1961.

It is agreed between the litigants that such regulation has been adopted by the state fire marshal and is now effective, but defendant says the operation of the pumps is still in violation of the rules because of the existence of § 6323, National Board of Fire Underwriters Pamphlet 30:

"Dispensing devices for Class I or Class II flammable liquids shall be of approved type. Devices meeting the standards of the Underwriters' Laboratories, Inc., shall be deemed to be in compliance with this paragraph."

He intimates without so saying that there will be no approval of coin-operated dispensing devices and asserts that he can accept or reject any part of the rules. Plaintiff in his supplemental brief recites various efforts which he has made to secure approval of coin-operated devices, all without success. It appears that this aspect of the case is of considerable importance since it would be wholly unreasonable that the fire marshal act to adopt the amendment of § 6340 by adding the word "unattended" if he had a secret reservation that coin-operated dispensing devices were to remain unapproved under all circumstances. The clear inference from the adoption of the amendment is that certain coin-operated dispensing devices at gasoline stations are approved and permitted if there is an attendant at the station at all hours of operation and if fire control devices are there located. We consider it to be the obligation of the fire marshal to forthwith issue standards or rules stating clearly those coin-operated gasoline dispensing devices which are approved.

The judgment of the trial court was correct and is affirmed. It should, however, be modified to carry out the views of this court concerning the aspect last mentioned.

Affirmed.